### ANTON NEIBERT *vs.* FREDERICK E. REED.

ASSUMPSIT, ACTION OF—UNDER PLEA OF NON ASSUMPSIT, EVIDENCE OF A PRIOR JUDGMENT IN SAME CAUSE WAS PROPERLY ADMITTED.

Under a plea of nonassumpsit, evidence of a prior judgment in the same cause of action was properly admitted; whether a special plea is necessary in order for a former judgement to operate by way of estoppel not decided.

(*October* 12, 1922.)

RICE and HARRINGTON, J. J., sitting.

*Howard J. Cooke* for plaintiff.

*James M. Tunnell* for defendant.

Superior Court for Sussex County, October Term, 1922.

Action of assumpsit (No. 19, April Term, 1917), and case referred out of court. The referees reported that judgment should be entered for the defendant; the same cause of action having been previously tried before a Justice of the Peace and judgment having been rendered for the defendant in such action. The record showed a plea of non assumpsit, but no special plea of a former judgment for the defendant. The plaintiff excepted to the report

Opinion.

of the referees, alleging that evidence of a former judgment could not be considered by them under such plea.

HARRINGTON, J., delivering the opinion of the Court:

The question is whether evidence of a prior judgment for the defendant for the same cause of action is admissible under the plea of non assumpsit, or whether a special plea is necessary.

In assumpsit almost any fact which shows that the plaintiff had no cause of action when the suit was brought may be given in evidence under the general issue. *Reading's Heirs v. State*, 1 *Harr*. 190; *Klair & Hollinsworth v. P. W. & B. R. R. Co.*, 2 *Boyce* 274, 292.

It, therefore, naturally follows that evidence of a prior judgment in the same cause of action was properly considered by the referees under the plea of non assumpsit. *Chitty's Pleading, vol.* 1, *p.* 513; *volume* 3, *p.* 929 (*note*); *Hollis v. Morris*, 2 *Harr*. 128; *Vooght v. Wrench*, 2 *Barn. & Ald*. 663; *Stafford v. Clarke*, 2 *Bing*. 377; *Gardner v. Buckbee*, 3 *Cow*. (*N. Y.*) 120, 15 *Am. Dec*. 256; *Wood v. Jackson*, 8 *Wend*. (*N. Y.*) 9, 22 *Am. Dec*. 603; *Church v. Leavenworth*, 4 *Day* (*Conn.*) 274.

Whether a special plea is necessary in order for a former judgment to operate by way of estoppel, though discussed in most of the cases cited above, was not necessary to the decision of this case, and, therefore, was neither argued before nor passed upon by the Court.

For the reasons above given, the exceptions are dismissed.